**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| MANHATTAN JEEP CHRYSLER DODGE, INC., *et al.*,[1] | : | Case No. 18-10657(MEW) |
| | : | |
| Debtors. | : | |
| | : | (Jointly Administered) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAN OF LIQUIDATION OF THE DEBTORS AND DEBTORS-IN-POSSESSION

**WILK AUSLANDER LLP**
1515 Broadway, 43rd Floor
New York, New York 10036
Telephone: (212) 981-2300
Eric J. Snyder, Esq.
Eloy A. Peral, Esq.

*Counsel for Debtors and*
*Debtors in Possession*

Dated:  February 5, 2019

---

[1] The last four digits of each Debtor's taxpayer identification number are as follows: Manhattan Jeep Chrysler Dodge, Inc. (2520); Manhattan Automotive, L.L.C. (3993).

# TABLE OF CONTENTS

**Page**

| | | | |
|---|---|---|---|
| ARTICLE | 1 | DEFINITIONS, RULES OF INTERPRETATION AND COMPUTATION OF TIME | 1 |
| | A. | Scope of Definitions | 1 |
| | B. | Definitions | 1 |
| | C. | Rules of Construction | 8 |
| | D. | Computation of Time | 9 |
| ARTICLE 2 | | TREATMENT OF UNCLASSIFIED CLAIMS | 9 |
| | 2.1 | Administrative Expense Claims | 9 |
| | 2.2 | Priority Tax Claims | 10 |
| ARTICLE 3 | | CLASSIFICATION OF CLAIMS AND INTERESTS | 10 |
| ARTICLE 4 | | TREATMENT OF CLASSES OF CLAIMS AND INTERESTS UNDER THE PLAN | 10 |
| | 4.1 | Class 1A:  General Unsecured Claims (MJCD) | 11 |
| | 4.2 | Class 1B:  General Unsecured Claims (ARF) | 11 |
| | 4.3 | Class 2A:  Equity Interests (MJCD) | 11 |
| | 4.4 | Class 2B:  Equity Interests (ARF) | 11 |
| ARTICLE 5 | | ACCEPTANCE OR REJECTION OF THE PLAN | 11 |
| | 5.1 | Voting Classes | 11 |
| | 5.2 | Acceptance by Impaired Classes of Claims | 12 |
| | 5.3 | Deemed Rejection of Plan | 12 |
| | 5.4 | Deemed Acceptance of Plan | 12 |
| ARTICLE 6 | | MEANS OF IMPLEMENTATION OF THE PLAN | 12 |
| | 6.1 | Conditions Precedent to the Effective Date | 12 |
| | 6.2 | Vesting of Assets of the Estate | 12 |
| | 6.3 | Nonconsensual Confirmation | 13 |
| | 6.4 | Closing of Chapter 11 Cases | 13 |
| | 6.5 | Dissolution of the Debtors and Resignation of its Directors, Managers, and Officers | 13 |
| | 6.6 | Grouping of Debtors for Convenience | 13 |
| ARTICLE 7 | | DISTRIBUTIONS | 14 |
| | 7.1 | Payment Up to Allowed Claim | 14 |
| | 7.2 | Distributions | 14 |
| | 7.3 | Time of Payment | 14 |
| | 7.4 | Disputed Claims Reserves | 14 |
| | 7.5 | Estimation of Claims | 15 |
| | 7.6 | Objections | 15 |
| | 7.7 | Untimely Claims | 15 |
| | 7.8 | Fractional Cents | 15 |
| | 7.9 | Interest on Claims | 16 |
| | 7.10 | Setoffs | 16 |
| | 7.11 | Waiver of Transfer Taxes | 16 |
| | 7.12 | Time Bar to Cash Payments by Check | 16 |
| ARTICLE 8 | | EXECUTORY CONTRACTS UNDER THE PLAN | 16 |

        8.2    Rejection Claims Bar Date..........................................................................17
ARTICLE 9  RETENTION OF SUBJECT MATTER JURISDICTION AND CAUSES
        OF ACTION ............................................................................................17
        9.1    Retention of Subject Matter Jurisdiction ....................................................17
        9.2    Retention of Causes of Action ...................................................................19
ARTICLE 10 MODIFICATION OF PLAN.........................................................................19
        10.1   Prior to the Confirmation Order.................................................................19
        10.2   After the Confirmation Order ...................................................................20
ARTICLE 11   PROVISIONS REGARDING INJUNCTIONS, EXCULPATION  AND
        THIRD PARTY RELEASES ...................................................................20
        11.1   Injunction relating to the Plan...................................................................20
        11.2   Releases.......................................................................................................20
        11.3   Exculpation ................................................................................................21
ARTICLE 12 MISCELLANEOUS PROVISIONS.............................................................21
        12.1   Governing Law ..........................................................................................21
        12.2   Notices ........................................................................................................21
        12.3   Conflicts......................................................................................................22
        12.4   Reservation of Rights.................................................................................22
        12.5   Binding Effect............................................................................................22

01077144.1

Manhattan Jeep Chrysler Dodge, Inc. f/d/b/a Manhattan Jeep Chrysler Dodge RAM ("MJCD"), and Manhattan Automotive, L.L.C. f/d/b/a Manhattan Alfa Romeo Fiat ("ARF") (collectively, the "Debtors"), debtors and debtors-in-possession in the above Chapter 11 Cases hereby propose this Plan of Liquidation. Reference is made to the Disclosure Statement for a discussion of the Debtors' history, results of operations, historical financial information and properties, and for a summary and analysis of the Plan.

Claims against, and Equity Interests in, the Debtors will be treated as set forth herein. There may also be other agreements and documents, which will be filed with the Bankruptcy Court (as defined below), that are referenced in the Plan or the Disclosure Statement as exhibits and schedules. All such exhibits and schedules are incorporated into and are a part of the Plan as if set forth in full herein.

**ALL HOLDERS OF CLAIMS AGAINST OR EQUITY INTERESTS IN A DEBTOR ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.**

## ARTICLE 1

## DEFINITIONS, RULES OF INTERPRETATION AND COMPUTATION OF TIME

**A.    Scope of Definitions**

For purposes of this Plan, unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings ascribed to them in Article 1.B. of this Plan. Any term used in this Plan that is not defined herein, but is defined in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

**B.    Definitions**

**1.1    "Administrative Expense Bar Date"** shall apply to Administrative Expense Claims and means the first Business Day that is sixty (60) days after the Effective Date or such other date as established by Final Order of the Bankruptcy Court.

**1.2    "Administrative Expense Claim"** or **"Administrative Claim"** means any right to payment constituting a cost or expense of administration of the Chapter 11 Cases under Sections 503(b) and 507(a)(2) of the Bankruptcy Code, including without limitation: (a) any actual and necessary costs and expenses incurred on or after the Commencement Date of preserving the Estates and operating the Debtors' businesses; (b) Claims that have been determined by a Final Order to constitute an administrative expense of the Estates; (c)

1

Professional Fee Claims; and (d) any fees or charges assessed against and payable by the Debtors under Section 1930 of title 28 of the United States Code.

**1.3** **"Allowed"** means with respect to Claims (a) any Claim against a Debtor, proof of which is timely Filed or by order of the Bankruptcy Court is not or will not be required to be Filed, (b) any Claim that has been or is hereafter listed in the Schedules as neither disputed, contingent or unliquidated, and for which no timely Filed proof of Claim has been Filed, or (c) any Claim allowed pursuant to this Plan and, in each such case in (a) and (b) above, as to which either (i) no objection to the allowance thereof has been Filed within the applicable period of time fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court or (ii) such an objection is so Filed and the Claim shall have been allowed pursuant to a Final Order (but only to the extent so allowed).

**1.4** **"Assets"** means all assets and property of the Estates of the Debtors, regardless of whether reflected in the financial records of the Debtors, including but not limited to: Cash, deposits, refunds, rebates, abatements, fixtures, equipment, inventory, contractual interests, intangibles, claims, Causes of Action, suits, setoffs, recoupments, equitable or legal rights, interests and remedies.

**1.5** **"Avoidance Actions"** means the Causes of Action under sections 502(d), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code or under state law.

**1.6** **"Ballots"** means the ballots accompanying the Disclosure Statement upon which Holders of Impaired Claims entitled to vote shall, among other things, indicate their acceptance or rejection of the Plan in accordance with the Plan and the procedures governing the solicitation process, and which must be actually received on or before the Voting Deadline.

**1.7** **"Bankruptcy Code"** means title 11 of the United States Code, as amended and in effect on the Commencement Date.

**1.8** **"Bankruptcy Court"** means the United States Bankruptcy Court for the Southern District of New York, Manhattan Division, having jurisdiction over the Chapter 11 Cases or such other court of competent jurisdiction as may obtain such jurisdiction in the future.

**1.9** **"Bankruptcy Rules"** means (a) the Federal Rules of Bankruptcy Procedure as promulgated by the United States Supreme Court under Section 2075 of title 28 of the United States Code and (b) the local rules of the Bankruptcy Court, in each case, as in effect on the Commencement Date.

**1.10** **"Business Day"** means any day other than: (a) a Saturday; (b) a Sunday and (c) a "legal holiday" as defined in Bankruptcy Rule 9006(a).

**1.11** **"Cases"** has the same meaning as the term "Chapter 11 Cases"

**1.12** **"Cash"** means legal tender of the United States of America.

01077144.1

**1.13** **"Cash Equivalents"** means equivalents of Cash in the form of readily marketable securities or instruments issued by an Entity, including readily marketable direct obligations of, or obligations guaranteed by, the United States of America, commercial paper of domestic corporations carrying a Moody's rating of "P2" or better, or equivalent rating of any other nationally recognized rating service, or interest bearing certificates of deposit or other similar obligations of domestic banks or other financial institutions having a shareholders' equity or capital of not less than five hundred million dollars ($500,000,000) having maturities of not more than one year, at the then generally prevailing rates of interest for like amounts and like periods.

**1.14** **"Causes of Action"** means any and all actions, causes of action, rights, suits, debts, sums of money, damages, judgments, claims, and demands whatsoever, whether known or unknown, existing or hereafter arising, in law, equity, or otherwise, including but not limited to the Avoidance Actions, based in whole or in part upon any act or omission or other event occurring prior to the Commencement Date or during the course of the Cases, including through the Effective Date, that belong to the Debtors or their Estates.

**1.15** **"Chapter 11 Cases"** means (i) when used with reference to a particular Debtor, the case pending for that Debtor under chapter 11 of the Bankruptcy Code and (ii) when used with reference to all Debtors, the procedurally consolidated chapter 11 cases pending for the Debtors in the Bankruptcy Court.

**1.16** **"Claim"** means any claim against a Debtor, regardless of whether asserted and regardless of whether known, as the term "claim" is defined in Section 101(5) of the Bankruptcy Code.

**1.17** **"Claims Objection Deadline"** shall have the meaning ascribed to it in Section 7.6 of the Plan.

**1.18** **"Class"** means any group of substantially similar Claims or Equity Interests classified by the Plan pursuant to Section 1122 of the Bankruptcy Code.

**1.19** **"Commencement Date"** means March 9, 2018, the date on which each Debtor filed its voluntary petition under chapter 11 of the Bankruptcy Code.

**1.20** **"Confirmation Date"** means the date on which the Confirmation Order becomes a Final Order.

**1.21** **"Confirmation Hearing"** means the hearing held by the Court to consider the confirmation of the Plan, as it may be adjourned or continued from time to time.

**1.22** **"Confirmation Order"** means an order of the Court confirming the Plan under Section 1129 of the Bankruptcy Code that has become a Final Order.

**1.23** **"Debtor"** means one of the Debtors, in its individual capacity as a debtor and debtor in possession in its respective Chapter 11 Case, or as a reorganized debtor, as the case may be.

01077144.1

**1.24** **"Debtors"** means collectively: Manhattan Jeep Chrysler Dodge, Inc. f/d/b/a Manhattan Jeep Chrysler Dodge RAM and Manhattan Automotive, L.L.C. f/d/b/a Manhattan Alfa Romeo Fiat, as debtors and debtors in possession in the Chapter 11 Cases, or as reorganized debtors, as the case may be.

**1.25** **"Disputed Claim"** means a Claim or any portion thereof that is not an Allowed Claim.

**1.26** **"Disclosure Statement"** means the Disclosure Statement filed pursuant to Section 1125 of the Bankruptcy Code with respect to this Plan, including all exhibits, appendices, and schedules thereto, if any, as same may be amended, modified, or supplemented from time to time, all as approved by the Bankruptcy Court pursuant to sections 1125 and 1127 of the Bankruptcy Code and Bankruptcy Rule 3017.

**1.27** **"Disputed Reserve"** means the aggregate amount of Cash that would have been distributed on the Distribution Date, or in subsequent Distributions, to the Holders of Disputed Claims if such Disputed Claims had in fact been Allowed on such date: (a) for liquidated Claims, in the amount asserted in a filed Proof of Claim or Administrative Claim; and (b) for unliquidated Claims, the amount estimated by the Debtors as the maximum reasonable amount that could ultimately be allowed by the Court.

**1.28** **"Distribution"** means a distribution of Cash or other Assets made in accordance with the Plan.

**1.29** **"Distribution Date"** means the date on which the Debtors shall make a Distribution, which shall be a date selected by the Debtors.

**1.30** **"Effective Date"** means a Business Day selected by the Debtors after which all conditions to the occurrence of the Effective Date set forth in Section 6.1 have been satisfied or duly waived.

**1.31** **"Entity"** means an entity as defined in Section 101(15) of the Bankruptcy Code.

**1.32** **"Estates"** means the Debtors' chapter 11 estates, individually or collectively, as is appropriate in context, created by the commencement of and in the Chapter 11 Cases pursuant to Section 541 of the Bankruptcy Code.

**1.33** **"Estate Litigation"** means all proceedings arising from or relating to: (i) all Claims, (ii) objections to Claims, (iii) Causes of Action, including but not limited to, any litigation or claims that can be instituted or asserted by the Estates or the Debtors or by any party on behalf of or for the benefit of the Estates or the Debtors, including, but not limited to, to recover upon Avoidance Actions.

**1.34** **"Exculpated Claim"** any claim (as defined in Section 101(5) of the Bankruptcy Code) or Cause of Action for any claim related to any act taken or not taken after the Commencement Date and before the Effective Date arising out of the Chapter 11 Cases related to any of the Debtors, including, without limitation, (i) the negotiation of any settlements entered into with or by any of the Debtors or any other estate representatives and the (ii) the formulation,

4

preparation, dissemination, negotiation, filing, prosecution, approval or administration of the Disclosure Statement, this Plan (including any term sheets related hereto), or (iii) any contract, instrument, release or other agreement or document created or entered into in connection with any such negotiations or settlements or the Disclosure Statement, this Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, and the administration and implementation of the Plan.

  **1.35**  **"Exculpated Party"** shall have the meaning ascribed to it in Section 11.3 of the Plan.

  **1.36**  **"Executory Contract"** means a contract or unexpired lease (including amendments thereto) to which a Debtor is a party that is or previously was subject to assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.

  **1.37**  **"Final Decree"** means a final decree entered pursuant to Bankruptcy Rule 3022.

  **1.38**  **"Equity Interest"** means the legal, equitable, contractual, and other rights of any Person with respect to existing membership interests or other equity interest, or any other equity securities of, or ownership interests in, the Debtors.

  **1.39**  **"File"** or **"Filed"** means, with respect to any pleading, entered on the docket of the Case and properly served in accordance with the Bankruptcy Rules.

  **1.40**  **"Final Order"** means an order or judgment of the Court as to which the time to appeal, petition for certiorari, seek mandamus, or move for reargument, reconsideration, or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument, reconsideration, or rehearing is pending; or, if an appeal, writ of certiorari, or petition for mandamus, reargument, reconsideration, or rehearing has been Filed or sought with respect to any order or judgments of the Court, that order or judgment has been affirmed by the highest court to which it was appealed, or certiorari has been denied or mandamus, reargument, reconsideration, or rehearing has been denied or resulted in no modification thereof, and the time to take any further appeal, petition for certiorari, or move for mandamus, reargument, reconsideration, or rehearing shall have expired; provided, however, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure (or any analogous motion under the Bankruptcy Rules) may be Filed with respect to an order or judgment shall not cause such order or judgment not to be a Final Order.

  **1.41**  **"First Omnibus Rejection Motion"** means the order entered by the Bankruptcy Court on December 7, 2018 and bearing docket number 112 and entitled *Order Authorizing Nunc Pro Tunc Rejection Of Executory Contracts And Unexpired Leases For Personal Property (II) And Abandonment Of Certain Property In Connection Therewith.*

  **1.42**  **"General Claims Bar Date"** means May 23, 2018.

  **1.43**  **"General Claims Bar Date Order"** means the order entered by the Court on April 11, 2017, which established the General Claims Bar Date.

01077144.1

**1.44    "General Unsecured Claim"** means any Claim against a Debtor that is not (i) a Secured Claim; (ii) entitled to priority under Sections 503 or 507 of the Bankruptcy Code; or (iii) an Administrative Expense Claim, Priority Tax Claim, or a Priority Non-Tax Claim.

**1.45    "Holder"** means the beneficial holder of any Claim or Equity Interest, in its capacity as such.

**1.46    "Impaired"** shall have the meaning ascribed to it in Section 1124 of the Bankruptcy Code.

**1.47    "Insiders"** shall have the meaning ascribed to it in Section 101(31) of the Bankruptcy Code.

**1.48    "Liabilities"** means the liabilities of the Estates, whether or not reflected in the financial records of the Debtors.

**1.49    "Lien"** shall have the meaning ascribed to it in Section 101(37) of the Bankruptcy Code, except that a lien that has been or may be avoided or void shall not constitute a Lien for the purposes of the Plan.

**1.50    "Person"** means a person as defined in section 101(41) of the Bankruptcy Code.

**1.51    "Plan"** means this plan of liquidation under chapter 11 of the Bankruptcy Code as the same may be amended, modified, or supplemented from time to time in accordance with its terms.

**1.52    "Plan Supplement"** means the compilation of documents and forms of documents, schedules, and exhibits to the Plan, to be Filed at least seven (7) calendar days before the Confirmation Hearing, and any additional documents or schedules Filed before the Effective Date as supplements or amendments to the Plan Supplement.  The Debtors shall have the right to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date.

**1.53    "Priority Non-Tax Claim"** means any Claim accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim or an Administrative Claim.

**1.54    "Priority Tax Claim"** means any Claim of a governmental unit (as that term is defined in the Bankruptcy Code) of the kind entitled to priority in payment as specified in Sections 502(i) and 507(a)(8) of the Bankruptcy Code, including any Secured Claim which would otherwise meet the description of an unsecured Claim of a governmental unit under Section 507(a)(8) of the Bankruptcy Code but for the secured status of that Claim.

**1.55    "Professional"** means any person or Entity employed by the Debtors or the Committee in accordance with Sections 327, 328, or 1103 of the Bankruptcy Code, and who shall be compensated for services rendered prior to the Effective Date pursuant to Sections 327, 328, 329, 330, or 331 of the Bankruptcy Code.

01077144.1

**1.56** **"Professional Fee Bar Date"** shall apply to Professional Fee Claims and means the first Business Day that is sixty (60) days after the Effective Date or such other date established by Final Order of the Bankruptcy Court.

**1.57** **"Professional Fee Claims"** means an Administrative Claim for reasonable compensation of a Professional for services rendered or expenses incurred in the Chapter 11 Cases on or prior to the Effective Date.

**1.58** **"Pro Rata"** means, with reference to any Distribution on account of any Allowed Claim in any Class, the ratio (expressed as a percentage) that the amount of the Allowed Claim bears to the aggregate amount of all Allowed Claims in that Class. Until all Disputed Claims are Resolved, Disputed Claims shall be treated as Allowed Claims in the amount used for calculation of the Disputed Reserve for the purpose of calculating Pro Rata Distributions of the Assets.

**1.59** **"Proof of Claim"** means a Claim Filed against a Debtor in any of the Chapter 11 Cases.

**1.60** **"Record Date"** means the record date for determining the entitlement to receive Distributions under the Plan on account of Allowed Claims which shall be the date of the first scheduled hearing before the Bankruptcy Court to consider approval of the Disclosure Statement.

**1.61** **"Rejected Contract"** means an Executory Contract (i) previously rejected by the Debtors (e.g., under the First Omnibus Rejection Order) or (ii) deemed rejected effective as of the Effective Date or such other date as may be agreed to by the parties to the Executory Contract or as ordered by the Bankruptcy Court.

**1.62** **"Rejection Claim"** means any Claim arising from a Rejected Contract, including any Claim of (a) a lessor for damages resulting from the rejection of a lease of real property as any such Claim shall be calculated in accordance with Section 502(b)(6) of the Bankruptcy Code or (b) an employee for damages resulting from the rejection of an employment agreement as any such Claim shall be calculated in accordance with § 502(b)(7). A Rejection Claim shall constitute a General Unsecured Claim.

**1.63** **"Rejection Claims Bar Date"** means the deadline to File a Proof of Claim for damages under a Rejected Contract and such deadline is thirty (30) days after the entry of an order by the Bankruptcy Court rejecting such contract or thirty (30) days after entry of the Confirmation Order (in the event the Rejected Contract was rejected pursuant to the Plan), whichever occurs first.

**1.64** **"Representatives"** means, without limitation, any existing or former affiliate, subsidiary, member, officer, director, partner, stockholder, trustee, member, representative, employee, agent, attorney, business advisor, financial advisor, accountant, other Professional, their successors or assigns, or any Person who is or was in control of any of the foregoing.

**1.65** **"Schedules"** means the schedules of assets and liabilities and the statements of financial affairs Filed by the Debtors pursuant to Section 521 of the Bankruptcy Code, and as such schedules and statements have been or may be supplemented or amended from time to time.

01077144.1

**1.66** **"Secured Claim"** means an Allowed Claim that is secured by a Lien (which is valid, perfected and enforceable under applicable law or by reason of a Final Order) on the property in which the Estate has an interest or that is subject to a setoff under Section 553 of the Bankruptcy Code, to the extent of the value of the Collateral, as determined in accordance with Section 506(a) of the Bankruptcy Code, or to the extent of the amount subject to the setoff.

**1.67** **"Unclaimed Property"** means any Distributions that are returned to the Debtors as: (i) undeliverable to the Holder of an Allowed Claim, or (ii) unclaimed by a Holder of an Allowed Claim, as further described in Section 7.2 hereto.

**1.68** **"Unimpaired"** means an Allowed Claim or Equity Interest that is not "impaired" within the meaning of Section 1124 of the Bankruptcy Code.

**1.69** **"United States Trustee"** means the United States Trustee appointed under Section 591 of title 28 of the United States Code to serve in the Southern District of New York.

**1.70** **"United States Trustee Fees"** means all fees payable on or before the Effective Date to the United States Trustee, including pursuant to 28 U.S.C. § 1980, together with interest, if any, pursuant to 31 U.S.C. § 3717.

**1.71** **"Voting Agent"** means Wilk Auslander, LLP in its capacity as bankruptcy counsel for the Debtor or any successor.

## C.    Rules of Construction

Wherever from the context it appears appropriate, each term stated in either the singular or the plural shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter. For purposes of the Plan: (a) any reference in the Plan to a contract, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that the document shall be substantially in that form or substantially on those terms and conditions; (b) any reference in the Plan to an existing document or exhibit Filed or to be Filed means the document or exhibit as it may have been or may be amended, modified, or supplemented; and (c) unless otherwise specified, all references in the Plan to Articles, Schedules, and Exhibits are references to articles, schedules, and exhibits of or to the Plan. Unless otherwise specified, the words "herein," "hereof," "hereto," "hereunder," and other words of similar meaning refer to the Plan as a whole and not to any particular article, section, subsection, or clause contained in the Plan. A capitalized term used but not defined herein shall have the meaning given to that term in the Bankruptcy Code. The rules of construction contained in Section 102 of the Bankruptcy Code shall apply to the construction of the Plan.

The headings in the Plan are for convenience of reference only and shall not expand, limit, or otherwise affect the provisions of the Plan. Unless otherwise indicated herein, all references to dollars are to United States dollars.

01077144.1

**D.      Computation of Time.**

Unless otherwise expressly provided herein, in computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply. If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

**ARTICLE 2**

**<u>TREATMENT OF UNCLASSIFIED CLAIMS</u>**

In accordance with section 1123(a)(l) of the Bankruptcy Code, Administrative Expense Claims and Priority Tax Claims have not been classified and thus are excluded from the Classes of Claims and Equity Interests set forth in Article II hereof. These unclassified Claims are Unimpaired and treated as follows:

**2.1      Administrative Expense Claims**

(a)      **Administrative Expenses**. Each Holder of an Allowed Administrative Expense Claim other than Professional Fee Claims and United States Trustee Fees will be paid the full unpaid amount of such Allowed Administrative Expense Claim in Cash: (i) on the Effective Date or as soon as practicable thereafter; (ii) if such Claim is Allowed after the Effective Date, on the date such Claim is Allowed; (iii) at such time and upon such terms as may otherwise be agreed upon by such Holder and the Debtors; or (iv) at such time and upon such terms as set forth in an order of the Bankruptcy Court.

(b)      **Statutory Fees**. All fees of the Debtors payable pursuant to Section 1930 of title 28 of the United States Code shall be paid (i) if due and owing, on or prior to the Effective Date by the Debtors, and (ii) if due and owing after the Effective Date.

(c)      **Professional Fee Claims**. Each Professional who holds a Professional Fee Claim shall be required to File with the Bankruptcy Court, and to serve on all parties required to receive notice, a final fee application on or before the Professional Fee Bar Date. The failure to timely File the fee application shall result in the Professional Fee Claim being forever barred and discharged. A Professional Fee Claim with respect to which a fee application has been properly and timely filed pursuant to this Article 2 shall be treated and paid only to the extent allowed by a Final Order. No Professional Fee Claims shall be allowed on account of any services rendered by a Professional whose retention with respect to the Chapter 11 Cases has not been approved by the Bankruptcy Court.

(d)      **Administrative Expense Bar Date**. Requests for payment of Administrative Expense Claims must be filed by the Administrative Expense Bar Date. Holders of Administrative Expense Claims that do not File such requests by the Administrative Expense Bar Date shall be forever barred from asserting such Administrative Expenses against the Debtors, their Estates, or any of their Assets.

9

### 2.2    Priority Tax Claims

On the later of the Effective Date or the date on which a Priority Tax Claim becomes an Allowed Claim, or, in each such case, as soon as practicable thereafter, each Holder of a Priority Tax Claim shall be entitled to receive Cash from the Debtors on account of its Allowed Claim.

## ARTICLE 3

## CLASSIFICATION OF CLAIMS AND INTERESTS

3.1    Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims against and Equity Interests in the Debtors.  A Claim or Equity Interest is placed in a particular Class for the purposes of voting on this Plan and or receiving Distributions pursuant to this Plan only to the extent that such Claim or Interest is an Allowed Claim or an Allowed Equity Interest in that Class and such Claim or Equity Interest has not been paid, released, or otherwise settled prior to the Effective Date.   In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, and Priority Tax Claims of the kinds specified in sections 507(a)(1) and 507(a)(8) of the Bankruptcy Code, respectively, have not been classified and their treatment is set forth in Article 2 above.

3.2    The classification of Claims against and Equity Interests in the Debtors pursuant to the Plan are as follows:

| Class | Debtor | Claims/Interests | Status | Entitled to Vote |
|-------|--------|------------------|--------|------------------|
| 1A | MJCD | General Unsecured Claims | Impaired | Yes |
| 1B | ARF | General Unsecured Claims | Unimpaired | No |
| 2A | MJCD | Equity Interests | Impaired | No    (Deemed to reject) |
| 2B | ARF | Equity Interests | Unimpaired | No    (Deemed to accept) |

## ARTICLE 4

## TREATMENT OF CLASSES OF CLAIMS AND INTERESTS
## UNDER THE PLAN

The following treatment set forth in this Article 4 shall be accorded to Allowed Claims against the Debtors and Equity Interests in the Debtors:

01077144.1

### 4.1    Class 1A:   General Unsecured Claims (MJCD)

Class 1A consists of Allowed General Unsecured Claims held against MJCD. Unless otherwise agreed by a Holder of a Class 1A Claim, each Holder of a Class 1A Claim shall be entitled to receive its *Pro Rata* share in Cash from the Debtors as provided by this Plan, provided that the face amount of all Administrative Expense Claims and Priority Tax Claims entitled to greater priority than an Allowed Class 1A Claim have been paid in full or either (i) to the extent not paid in full, funds sufficient to satisfy the face amount have been placed in a segregated reserve, or (ii) the Holder of each Administrative Expense Claim or a Priority Tax Claim has agreed to waive their right to a Distribution.

### 4.2    Class 1B:    General Unsecured Claims (ARF)

Class 1B consists of Allowed General Unsecured Claims held against ARF. Unless otherwise agreed by a Holder of a Class 1B Claim, each Holder of a Class 1B Claim shall be entitled to receive its *Pro Rata* share in Cash from the Debtors as provided by this Plan, provided that the face amount of all Administrative Expense Claims and Priority Tax Claims entitled to greater priority than an Allowed Class 1B Claim have been paid in full or either (i) to the extent not paid in full, funds sufficient to satisfy the face amount have been placed in a segregated reserve, or (ii) the Holder of each Administrative Expense Claim or a Priority Tax Claim has agreed to waive their right to a Distribution.

### 4.3    Class 2A: Equity Interests (MJCD)

Class 2A consists of the Equity Interests in MJCD. The Holders of the Equity Interests in MJCD will not receive any Distribution on account of such interests except to the extent funds remain after payment in full of Administrative Expense Claims, Priority Tax Claims, and Class 1A Claims. Upon the entry of a Final Decree, all Class 2A Equity Interests shall be cancelled, extinguished, and of no further force and effect, without the payment of any monies or consideration to the holder of Class 2A Equity Interest except as provided herein.

### 4.4    Class 2B: Equity Interests (ARF)

Class 2B consists of the Equity Interests in ARF. The Holders of the Equity Interests in ARF will receive a Distribution on account of such Equity Interests to the extent funds remain after payment in full of the Administrative Expense Claims, Priority Tax Claims, and Class 1B Claims. Upon the Effective Date, all Class 2B Equity Interests shall be retained by Holders of such Equity Interests.

## ARTICLE 5

## ACCEPTANCE OR REJECTION OF THE PLAN

### 5.1    Voting Classes

Class 1A is Impaired under the Plan. The Holders of Class 1A Claims as of the Record Date shall be entitled to vote to accept or reject the Plan.

01077144.1

**5.2    Acceptance by Impaired Classes of Claims**

Pursuant to section 1126(c) of the Bankruptcy Code and except as otherwise provided in section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims entitled to vote to accept or reject the Plan has accepted the Plan if the holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims in such Class actually voting have voted to accept the Plan.

**5.3    Deemed Rejection of Plan**

Equity Interests in Class 2A are Impaired. The Holders of Class 2A Equity Interests are deemed to have rejected this Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote to accept or reject this Plan.

**5.4    Deemed Acceptance of Plan**

Claims in Class 1B and Equity Interests in Class 2B are not Impaired. The Holders of Class 1B Claims and Class 2B Equity Interests are deemed to have accepted this Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote to accept or reject this Plan.

## ARTICLE 6

## MEANS OF IMPLEMENTATION OF THE PLAN

**6.1    Conditions Precedent to the Effective Date**

The following are conditions precedent to the Effective Date that must be satisfied or waived by the Debtors:

a.    Entry of the Confirmation Order and the Confirmation Order having become a Final Order; and

b.    No request for revocation of the Confirmation Order under section 1144 of the Bankruptcy Court shall be pending; and

c.    Vesting of Assets of the Estates.

**6.2    Vesting of Assets of the Estate**

On the Effective Date, subject only to the terms of the Plan, all Assets, wherever situated, shall vest in the Debtors, free and clear of all Liens, Claims, interests, and Encumbrances, except as otherwise provided in the Plan.

01077144.1

### 6.3    Nonconsensual Confirmation

If any impaired Class of Claims entitled to vote does not accept the Plan by the requisite statutory majority provided in section 1126(c) of the Bankruptcy Code, the Debtors reserve the right to amend the Plan or undertake to have the Court confirm the Plan under section 1129(b) of the Bankruptcy Code or both as discussed more fully in Article VI(b) of the Disclosure Statement. With respect to any Impaired classes of Claims that are deemed to reject the Plan, the Debtors shall request the Court to confirm the Plan under section 1129(b) of the Bankruptcy Code.

### 6.4    Closing of Chapter 11 Cases

When each Disputed Claim filed against a Debtor has become an Allowed Claim or a Claim that is not Allowed, and all Cash has been Distributed in accordance with the terms of the Plan, such Debtor shall seek authority from the Bankruptcy Court to close its Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules and to request the Bankruptcy Court to enter the Final Decree for such Chapter 11 Case.

### 6.5    Dissolution of the Debtors and Resignation of its Directors, Managers, and Officers

From and after the entry of a Final Decree (a "Case Closing Date") for a Chapter 11 Case, such Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of such Debtor or payments to be made in connection therewith. From and after the entry of a Final Decree, such Debtor shall not be required to file any document, or take any other action, to withdraw its business operations from any states in which such Debtor was previously conducting business. On a Case Closing Date, all of the respective Debtor's directors, managers, and officers, shall be deemed to have been terminated by such Debtor without the necessity of any further action or writing, and they shall be released from any responsibilities, duties and obligations that arise after the Case Closing Date to such Debtor or its creditors under the Plan, or applicable law. Under no circumstances shall such parties be entitled to any compensation from such Debtor for services provided after the Effective Date, unless such individuals are subsequently employed by the Debtors to assist them in the consummation of the Plan.

### 6.6    Grouping of Debtors for Convenience

The Plan may group the Debtors together for the purposes of, *inter alia*, describing treatment under the Plan, confirmation of the Plan, and making Distributions. Unless set forth in the Plan, this grouping shall not affect any Debtor's status as a separate legal entity, change the organizational structure of the Debtors' business enterprise, constitute a change of control of any Debtor for any purpose, cause a merger or consolidation of any legal entities, or cause the transfer of any assets. The Plan is not premised upon and shall not cause the substantive consolidation of the Debtors or any non-Debtor affiliate, and, except as otherwise provided by or permitted under the Plan, all Debtors shall continue to exist as separate legal entities.

13

## ARTICLE 7

## DISTRIBUTIONS

### 7.1    Payment Up to Allowed Claim

Notwithstanding any other provisions of the Plan, no Holder of a Claim shall be entitled to receive Distributions aggregating more than its Allowed Claim, nor shall any Holder of a Claim receive any Distributions under the Plan until its Claim has been Allowed.

### 7.2    Distributions

Distributions to Holders of Allowed Claims shall be made by the Debtors: (a) at the addresses set forth on the Proofs of Claim filed by such Holders (or at the last known addresses of such holders if no Proof of Claim is filed or if the Debtors have been notified of a change of address), (b) at the addresses set forth in any written notices of address changes delivered to the Debtors after the date of any related Proof of Claim, or (c) at the addresses reflected on the Schedules if no Proof of Claim has been Filed and the Debtors have not received a written notice of a change of address. If any Distribution of a Holder of an Allowed Claim is returned as undeliverable, no further Distributions to such holder shall be made unless and until the Debtors are notified in writing of such Holder's then current address, at which time all missed Distributions shall be made to such Holder without interest. Any undeliverable Distribution made shall be held for redistribution under this Plan. All claims for undeliverable Distributions must be made no later than 90 days after the Distribution is made, after which date all Unclaimed Property and uncashed checks for any reason shall revert to the Debtors free of any restrictions thereon, and the Claim of any Holder or successor to such Holder with respect to such property shall be discharged and forever barred notwithstanding any federal or state escheat laws to the contrary. Nothing contained in the Plan shall require the Debtors or any professional retained by the foregoing to attempt to locate any Holder of an Allowed Claim.

### 7.3    Time of Payment

Except as may be provided herein, all Distributions provided for by the Plan will be made as soon as it is feasible in the reasonable discretion of the Debtors. One or more Distributions may be made pursuant to the provisions of the Plan.

### 7.4    Disputed Claims Reserves

On any date that Distributions are to be made on account of Allowed Claims and after making all Distributions to be made on any such date under the Plan, the Debtors shall make a reasonable reserve on account of Disputed Claims and shall adjust the reserve periodically, which shall be no less than the amount of the Disputed Claims multiplied by the *Pro Rata* Distribution that have been made on account of Allowed Claims as of such date. Such Disputed Claim reserve shall be administered by the Debtors. The reserve shall be closed and extinguished by the Debtors upon the determination that all Distributions and other dispositions of Cash, or other Distributions required to be made under the Plan have been made in accordance with the terms of the Plan. Upon closure of a Disputed Claim reserve, all Cash shall be subject to redistribution, in accordance with the provisions of the Plan.

14

### 7.5    Estimation of Claims

The Debtors may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claims, including any Claim for taxes, to the extent permitted by section 502(c) of the Bankruptcy Code regardless of whether the Debtors have previously objected to such Claim or whether the Bankruptcy Court has ruled on any such objection. The Bankruptcy Court shall retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection. In the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount shall constitute either the Allowed amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claim, the Debtor may elect to pursue supplemental proceedings to object to any ultimate allowance of such Claim. All of the aforementioned Claims objections, estimation and resolution procedures are cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

### 7.6    Objections

All parties in interest shall have the right to make and File objections to Claims subsequent to the Effective Date; provided, however, all such objections by any party other than the Debtors shall be filed no later than 30 days after the Effective Date (the "Claim Objection Deadline"). The Debtors shall have the right to make and File objections at any time prior to the final Distribution. All objections shall be litigated to Final Order unless approval of a settlement or compromise of a claim objection is obtained pursuant to Bankruptcy Rule 9019; provided, however, the Debtors have authority to compromise, settle, otherwise resolve or withdraw any objection without further order of the Bankruptcy Court.

### 7.7    Untimely Claims

Except as otherwise expressly provided in this Plan, any Claim not deemed Filed pursuant to Section 1111(a) of the Bankruptcy Code or timely Filed pursuant to the Bankruptcy Code, Bankruptcy Rules, any applicable order of the Bankruptcy Court or the provisions of the Plan, shall (a) not be treated as an Allowed Claim for voting purposes and Distributions and (b) may be expunged from the Claims register in the Chapter 11 Cases without notice, motion or order.

### 7.8    Fractional Cents

Notwithstanding any other provision of the Plan to the contrary, no payment of fractional cents shall be made pursuant to the Plan. Whenever any payment of a fraction of a cent under the Plan would otherwise be required, the actual Distribution made shall reflect a rounding of such fraction to the nearest whole penny (up or down), with half cents or more being rounded up and fractions less than half of a cent being rounded down. No distributions of less than $25.00 will be made on account of Allowed Claims, and the Debtors shall contribute any balance that is not Distributed to non-profit 503(c) organization "Access to Bankruptcy Court," or a similar non-profit organization selected by the Debtors.

01077144.1

### 7.9    Interest on Claims

Interest shall not accrue on Claims, and no Holder of a Claim shall be entitled to interest accruing on any Claim unless provided pursuant to the terms of the Plan or the Bankruptcy Code; provided, however, that no Distributions shall be made to Equity Interests until all General Unsecured Claims have been paid in full with interest as provided under applicable law. Distributions in respect of Allowed Claims shall be allocated first to the principal amount (as determined for federal income tax purposes) of such Claims, and then, to the extent the consideration exceeds the principal amount of such Claims, to any portion of such Claims for accrued but unpaid interest.

### 7.10    Setoffs

Except as otherwise provided in the Plan, the Debtors may set off against any Claim and the Distributions to be made pursuant to the Plan in respect of such Claim, any claims of any nature whatsoever that the Debtors may have against the Holder of such Claim, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtors of any right of setoff against the Holder of such Claim.

### 7.11    Waiver of Transfer Taxes

Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of security or the making or delivery of an instrument of transfer under the Plan after the Effective Date shall not be taxed under any law imposing a stamp tax or similar tax.

### 7.12    Time Bar to Cash Payments by Check

Checks issued by the Debtors on account of Allowed Claims shall be null and void if not negotiated within one hundred twenty (120) days after the date of issuance thereof, except those returned as undeliverable which shall be dealt with in accordance with Section 7.2 of the Plan. After such date, all Claims in respect of void checks shall be forever barred, and the proceeds of such checks shall revest in the Debtors and be subject to redistribution, as appropriate, in accordance with the provisions of the Plan.

## ARTICLE 8

## EXECUTORY CONTRACTS UNDER THE PLAN

### 8.1    Executory Contracts

All Executory Contracts (other than those previously rejected or specifically assumed and assigned, in each case pursuant to an order of the Bankruptcy Court) shall be deemed rejected on the Effective Date or such other date as may be agreed to by the Debtors and the counterparties thereto or ordered by the Bankruptcy Court, and the Debtors and respective counterparties shall be relieved of any further obligation to perform under such Executory Contracts. Counterparties who do not oppose this proposed treatment by opposing confirmation of the Plan by filing and serving a written objection with the Bankruptcy Court in accordance with the Bankruptcy Code

16

and Bankruptcy Rules shall be deemed to have consented to rejection of such Executory Contract. The Plan shall constitute a request pursuant to Bankruptcy Code Sections 1123(b)(2) and 365(a) and the Confirmation Order (except as otherwise provided therein) shall constitute an order of the Bankruptcy Court approving the rejection by the Debtors of all Executory Contracts that have not otherwise been rejected or assumed by order of the Bankruptcy Court.

**8.2     Rejection Claims Bar Date**

If the rejection of an Executory Contract pursuant to: (a) Section 8.2 of the Plan that gives rise to a Rejection Claim held by the counterparty to such Executory Contract; or (b) an order of the Bankruptcy Court (e.g., the First Omnibus Rejection Order) prior to the Confirmation Order, such Claim shall be classified as a Class 1 General Unsecured Claim; provided, however, that any Claim under the foregoing clauses (a) and (b) shall be forever barred and shall not be enforceable against the Debtors, the Estates, or their Assets, unless a Proof of Claim is Filed by the Rejection Claims Bar Date.

**ARTICLE 9**

**RETENTION OF SUBJECT MATTER**
**JURISDICTION AND CAUSES OF ACTION**

**9.1     Retention of Subject Matter Jurisdiction**

The Bankruptcy Court shall continue to have subject matter jurisdiction, of all matters, and over all Persons arising out of, and relating to, the Cases and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

a.     to consider and rule on the compromise and settlement of any Claim against or Cause of Action on behalf of the Debtors or the Estates;

b.     to ensure that Distributions to Holders of Allowed Claims are accomplished as provided in the Plan;

c.     to hear and determine any timely objections to Administrative Expense Claims or to Proofs of Claim filed, both before and after the Effective Date, including any objections to the classification of any Claim or Equity Interest, and to allow or disallow any Claim, in whole or in part;

d.     to hear and determine any and all applications for the allowance of Professional Fees as provided for in the Plan;

e.     to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

f.     to issue such orders in aid of execution of the Plan, in accordance with section 1142 of the Bankruptcy Code;

17

g.      to estimate Claims for all purposes under the Plan;

h.      to consider any modifications of the Plan, to cure any defect or omission, or reconcile any inconsistency in the Plan, including any exhibit thereto, or in any order of the Bankruptcy Court, including the Confirmation Order, as may be necessary to carry out the purposes and intent of the Plan and to implement and effectuate the Plan;

i.      to hear and determine matters concerning state, local and federal taxes, including but not limited to those in accordance with sections 346, 505 and 1146 of the Bankruptcy Code, with respect to the Debtor or any Person;

j.      to compel the conveyance of property and other performance contemplated under the Plan and documents executed in connection herewith;

k.      to enforce remedies upon any default under the Plan;

l.      to enforce, interpret and determine any disputes arising in connection with any orders, stipulations, judgments and rulings entered in connection with the Chapter 11 Cases (whether or not the Chapter 11 Cases have been closed);

m.      to resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan, or any Person's obligations incurred in connection herewith;

n.      to determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release, indenture or other agreement or document created in connection with the Plan or the Disclosure Statement;

o.      to issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Person with the occurrence of the Effective Date or enforcement of the Plan;

p.      to issue such orders as may be necessary or appropriate in aid of confirmation and/or to facilitate consummation of the Plan;

q.      to determine such other matters as may be provided for in the Confirmation Order or other orders of the Bankruptcy Court as may be authorized under the provisions of the Bankruptcy Code or any other applicable law;

r.      to hear and determine (a) all motions, applications, adversary proceedings, and contested and litigated matters pending on the Effective Date, and (b) all Claims by or against the Debtor arising under the Bankruptcy Code or non-bankruptcy law, if made applicable by the Bankruptcy Code, whether such Claims are commenced before or after the Effective Date, including, but not limited to, Causes of Action and the Chapter 5 Claims;

s.      to hear and determine all motions and applications filed by the Debtors in accordance with their obligations and duties under the Plan, including, but not limited to, applications under Bankruptcy Rule 2004;

t.      to hear and determine all Causes of Action, to the extent not described above;

u.      to hear and determine any Claims asserted by: (i) suppliers of goods or services to any of the Debtors; and (ii) any shareholder, insider or affiliate of any of the Debtors, for any actions or omissions prior to the Commencement Date;

v.      to  hear and determine any other matter authorized by applicable law; and

w.      to enter a Final Decree.

**9.2     Retention of Causes of Action**

The Plan preserves all Causes of Action, except for the Causes of Action released in the Confirmation Order or the Plan or otherwise expressly released or assigned by an order of the Bankruptcy Court, and provides for them to be vested in the Debtors upon the Effective Date.

Pursuant to Section 1123(b)(3) of the Bankruptcy Code, except as otherwise provided in the Plan, or the Confirmation Order, the Debtor shall retain and have the exclusive right to enforce against any Entity any and all Causes of Action of the Debtors or their Estates, including, without limitation, all Causes of Action listed in Article VI(i) of the  Disclosure Statement.

**PLEASE TAKE NOTICE THAT, WITH THE EXCEPTION OF THOSE CAUSES OF ACTION THAT ARE RELEASED OR WAIVED UNDER THE TERMS OF THE PLAN, THE CONFIRMATION ORDER, OR OTHER ORDER OF THE BANKRUPTCY COURT, ALL CAUSES OF ACTION OF THE DEBTORS AND THEIR ESTATES, WHETHER OR NOT SPECIFIED HEREIN, WILL BE PRESERVED AND WILL VEST IN THE DEBTORS PURSUANT TO THE PLAN.**

**THE LACK OF DISCLOSURE OF ANY PARTICULAR CAUSE OF ACTION SHALL NOT CONSTITUTE, NOR BE DEEMED TO CONSTITUTE, A RELEASE OR WAIVER OF SUCH CAUSE OF ACTION, AS THE DEBTORS INTEND FOR THE PLAN TO PRESERVE AND VEST IN THE DEBTORS ANY AND ALL CAUSES OF ACTION HELD BY THE DEBTORS AND THEIR ESTATES AS OF THE EFFECTIVE DATE OF THE PLAN EXCEPT AS EXPRESSLY NOTED HEREIN.**

## ARTICLE 10

## <u>MODIFICATION OF PLAN</u>

**10.1     Prior to the Confirmation Order**

The Debtors may alter, amend, or modify the Plan or any exhibits thereto under section 1127(a) of the Bankruptcy Code at any time prior to entry of the Confirmation Order. The Debtors shall provide parties-in-interest with notice of such amendments or modifications as may

19

be required by the Bankruptcy Code or Bankruptcy Rules or order of the Bankruptcy Court. A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified or clarified, if the proposed alteration, amendment, modification or clarification does not materially and adversely change the treatment of the Claim of such Holder.

### 10.2    After the Confirmation Order

After the entry of the Confirmation Order and prior to substantial consummation (as defined in section 1101(2) of the Bankruptcy Code) of the Plan, the Debtors may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Bankruptcy Court to remedy any defect or omission or to reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not materially and adversely affect the treatment of Holders of Claims under the Plan; provided, however, that, to the extent required, prior notice of such proceedings shall be served in accordance with the Bankruptcy Code or Bankruptcy Rules or an order of the Bankruptcy Court. A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified or clarified, if the proposed alteration, amendment, modification or clarification does not materially and adversely change the treatment of the Claim of such Holder.

## ARTICLE 11

## PROVISIONS REGARDING INJUNCTIONS, EXCULPATION AND THIRD PARTY RELEASES

### 11.1    Injunction relating to the Plan

To the fullest extent provided in Section 1141 of the Bankruptcy Code, as of the Effective Date, all Persons that have held, currently hold or may hold a Claim or other debt or Liability or interest that is addressed in the Plan are permanently enjoined from taking any action on account of such Claims, debts, Liabilities, or interest, other than actions brought to enforce any rights or obligations under the Plan.

### 11.2    Releases

a.    ***Debtors' Release of Claims Against Managers, Officers, Directors and Professionals of the Debtors.*** **As of the Effective Date, Debtors shall be deemed to have released all claims in connection with or related to any action or omission taking place after the Commencement Date and prior to the Effective Date in any way relating to the Debtors, the Chapter 11 Cases, the Plan, against the Debtors' present and former managers, officers, employees, agents, financial advisors, attorneys and professionals; provided, however, the foregoing shall not waive or release any causes of action arising out of (i) any contractual obligations owing by any such party or (ii) the willful misconduct, gross negligence, intentional fraud or criminal conduct of any such party.**

20

### 11.3    Exculpation

As of the Effective Date, each Debtor and their respective financial advisors, attorneys, accountants, consultants and other professionals (each an "<u>Exculpated Party</u>") shall neither have nor incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or obligation, cause of action or liability for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan or in the context of each Debtor's Chapter 11 Case. No Holder of a Claim or Equity Interest or any other party-in-interest, including their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, shall have any right of action against any Exculpated Party relating to, or arising out of the Exculpated Claims, except for such Exculpated Party's own willful misconduct or gross negligence; provided, however, that nothing in the Plan shall, or shall be deemed to, release or exculpate the Exculpated Parties with respect to their obligation or covenants arising pursuant to the Plan.

## ARTICLE 12

## <u>MISCELLANEOUS PROVISIONS</u>

### 12.1    Governing Law

EXCEPT TO THE EXTENT THAT THE BANKRUPTCY CODE OR OTHER FEDERAL LAW IS APPLICABLE, OR TO THE EXTENT A SCHEDULE OR EXHIBIT HERETO OR INSTRUMENT, AGREEMENT OR OTHER DOCUMENT EXECUTED UNDER THE PLAN PROVIDES OTHERWISE, THIS PLAN, THE RIGHTS, DUTIES AND OBLIGATIONS ARISING UNDER THIS PLAN, AND ANY CLAIM OR CONTROVERSY DIRECTLY OR INDIRECTLY BASED UPON OR ARISING OUT OF THIS PLAN OR THE TRANSACTIONS CONTEMPLATED BY THIS PLAN (WHETHER BASED ON CONTRACT, TORT, OR ANY OTHER THEORY), INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, SHALL IN ALL RESPECTS BE GOVERNED BY AND INTERPRETED, CONSTRUED AND DETERMINED IN ACCORDANCE WITH, THE INTERNAL LAWS OF NEW YORK WITHOUT REGARD TO ANY CONFLICTS OF LAW PROVISION THAT WOULD REQUIRE THE APPLICATION OF THE LAW OF ANY OTHER JURISDICTION.

### 12.2    Notices

All notices, requests and demands to be effective shall be in writing (including by facsimile transmission and email) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

01077144.1

To the Debtors:

**Wilk Auslander LLP**
1515 Broadway
43rd Floor
New York, NY 10036
Attn:  Eric J. Snyder, Esq.
         Eloy A. Peral, Esq.
Email:  esnyder@wilkauslander.com
          eperal@wilkauslander.com

### 12.3    Conflicts

In the event of any conflict or inconsistency between the terms of (a) the Plan (including all exhibits to the Plan), and (b) the Disclosure Statement, the terms of the Plan shall control.

### 12.4    Reservation of Rights

If the Plan is not confirmed by a Final Order, or if the Plan is confirmed and does not become effective, the rights of all parties in interest in the Bankruptcy Case are and shall be reserved in full. Any concessions or settlements reflected herein, if any, are made for purposes of the Plan only, and if the Plan does not become effective, no party in interest in the Bankruptcy Case shall be bound or deemed prejudiced by any such concession or settlement.

### 12.5    Binding Effect

The rights, benefits and obligations of any Person named or referred to in the Plan, or whose actions may be required to effectuate the terms of the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person (including, but not limited to, any trustee appointed for Debtor under Chapters 7 or 11 of the Bankruptcy Code). The terms and provisions of the Plan shall continue to be effective in this or any superseding case under the Bankruptcy Code.

Dated:  February 5, 2019

**DEBTORS:**

MANHATTAN JEEP CHRYSLER DODGE, INC.

By:     /s/ Patrick Monninger
Name: Patrick Monninger
Its:      President

MANHATTAN AUTOMOTIVE, L.L.C.

By: /s/ David Monninger_____
Name: David Monninger_____
Its: Managing Member_____

23